# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLEN KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-05-086-S |
| ) | |
| WARDEN BECK and RON WARD, ) | |
| ) | |
| Defendants.) | |

## ORDER

Before the court for its consideration is the Defendants' Beck and Ward's Motion to Dismiss/Motion for Summary Judgment and Brief in Support filed June 27, 2005. The court will treat the motion as one for summary judgment since it must consider matters outside of the pleadings.

Plaintiff filed his complaint in the United States District Court for the Eastern District of Oklahoma on February 25, 2005. Along with his complaint plaintiff filed a Motion to Proceed *In Forma Pauperis* on this same date. On March 7, 2005, an order was entered denying plaintiff's request to proceed *in forma pauperis*. On April 22, 2005, a Motion to Stay Proceedings and Request for Order Requesting Special Report was filed. On April 28, 2005, an order was entered staying the proceedings and ordering a special report. On June 27, 2005, a special report was filed with this court. On June 27, 2005, defendants filed a motion to dismiss/motion for summary judgment. In this motion, defendants argue all of plaintiff's claims must be dismissed pursuant to 42 U.S.C. Sec. 1997e for failure to exhaust administrative remedies. Defendants also argue plaintiff has no constitutionally protected right to use smokeless tobacco, implementation of the tobacco

1

free policy did not constitute ex post facto punishment, plaintiff's allegations of torts and crimes are improperly asserted and must be dismissed, defendants are protected by qualified immunity, and defendants are immune from suit for damages in their official capacity under the Eleventh Amendment. The plaintiff filed a response arguing the doctrine of res judicata/collateral estoppel bars defendants motion to dismiss. The court has before it for consideration plaintiff's complaint, the defendants' motion to dismiss/motion for summary judgment, plaintiff's response and a special report prepared by the Oklahoma Department of Corrections ("DOC") at the direction of the court, in accordance with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, appearing pro se, is an inmate in the custody of the Oklahoma Department of Corrections ("DOC"). Plaintiff is presently incarcerated at the Mack Alford Correctional Center in Stringtown, Oklahoma. Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983 for alleged constitutional violations occurring during his stay at the Mack Alford Correction Center. Specifically, plaintiff alleges that defendants addicted him to tobacco and then implemented a policy preventing him from using tobacco. Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages.

The special report filed investigated plaintiff's allegations and determined that plaintiff failed to exhaust his administrative remedies and that no action should be taken at this time.

**STANDARDS OF SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); See also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." <u>Applied Genetics v. First Affiliated Securities</u>, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" <u>Thomas v. IBM</u>, 48 F.3d 478, 486 (10th Cir. 1995) (quoting <u>Anderson</u>, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. <u>Deepwater Invs. Ltd. v. Jackson Hole Ski Corp</u>, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." Anderson, 477 U.S. at 249.  With these standards in mind, the court turns to the merits of the defendants' motion.

**FINDINGS OF FACT**

Plaintiff is currently incarcerated at the Mack Alford Correctional Center where he is serving a life sentence for murder.  In December of 2004, the Mack Alford Correctional Center stopped the sale of all tobacco products at the prison canteen in preparation for implementation of a tobacco-free policy for all DOC facilities.  On February 15, 2005, DOC implemented a policy prohibiting the use of all tobacco products at the prison facilities.  Smokeless tobacco use is prohibited under this policy.  Plaintiff filed a grievance on January 21, 2005, regarding the tobacco-free policy complaining that taking away tobacco was contrary to law and requesting that smokeless tobacco be exempted from the policy.  This grievance was returned unanswered because plaintiff did not file a Request to Staff prior to submitting the grievance as required by the Inmate/Offender Process, OP-090124.  Plaintiff claims that he attempted to file a Request to Staff and never received a response.  However, there is no record on file of any Request to Staff having ever been filed.  On January 28, 2005, plaintiff attempted to submit the same grievance for Administrative Review directly to the Director's Office. The grievance was returned unanswered because there was no facility head response and no informal action had been taken.

<u>I. Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act provides:

4

> No action shall be brought with respect to prison
> conditions under section 1983 of this title, or any
> other Federal Law, by a prisoner confined in any jail,
> prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
> 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not
> complete it is barred from pursuing a 42 U.S.C. Sec.
> 1983 claim under the Prison Litigation Reform Act for
> failure to exhaust his administrative remedies. Wright
> v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In
> Wright, an inmate alleged that he had substantially
> complied with the administrative procedures but did not
> see the process to its conclusion. The court noted
> that the PLRA does not 'enable judges, by creative
> interpretation of the exhaustion doctrine, to prescribe
> or oversee prison grievance systems.' Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

According to DOC policy #OP-090124 "Inmate/Offender Grievance Process" an inmate must first attempt to informally resolve his complaint. If that is unsuccessful, the inmate may then submit a Request to Staff. If the Complaint still remains unresolved, the inmate may then file a grievance. If the

5

grievance fails to resolve the issue, the inmate should appeal to the administrative review authority or medical director. Only after all of the steps are taken has the administrative process has been exhausted.

Plaintiff submitted a grievance on or about January 20, 2005. The grievance was returned and plaintiff was advised it was because he had not filed a Request to Staff prior to submitting the grievance. Although plaintiff claims that he did submit a Request to Staff prior to filing the grievance there is no record of plaintiff having submitted a Request to Staff. Plaintiff then attempted to submit the same grievance for Administrative Review, and it was again returned because plaintiff had not submitted a Request to Staff prior to filing the grievance. In his response, plaintiff alleges the law does not require him to exhaust his administrative remedies. That is not a correct statement of the law. Therefore, the court finds the plaintiff has failed to exhaust his administrative remedies as to the allegations in his Complaint. Accordingly, the defendants' motion for summary judgment is hereby granted for plaintiff's failure to exhaust his administrative remedies.

**IT IS SO ORDERED** this 28th day of March, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma